IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| In re:<br>QUAKER FURNITURE, INC.,<br>56-0861711<br>　　　　　　　　Debtor(s). | Case No. 17-50538<br>Chapter 11 |
| **NOTICE OF HEARING** ||

TAKE NOTICE that Estate of Clyde L. Lail, Wayne M. Bach, Executor; Gary N. Lail; and David C. Lail have filed the attached Motion with the Court. A hearing on the motion has been scheduled for Friday, October 6, 2017, at 11:00 a.m. in the United States Bankruptcy Court, 200 West Broad Street, Statesville, NC 28677.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to order the relief requested, or if you want the Court to consider your views on the motion, then on or before the hearing date, you or your attorney should do three (3) things:

　　　1. File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at: U.S. Bankruptcy Court, 401 W. Trade Street, Charlotte, NC 28202. If you mail your request to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

　　　2. On or before the date stated above for written responses, mail or fax a copy of your written request to:

| | | |
|---|---|---|
| Jimmy R. Summerlin, Jr.<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603<br>Facsimile: (828) 324-2431 | and | U.S. Bankruptcy Administrator<br>402 West Trade Street, Suite #200<br>Charlotte, NC 28202<br>Facsimile: (704) 344-6666 |

　　　3. Attend the hearing scheduled for Friday, October 6, 2017, at 11:00 a.m. in the United States Bankruptcy Court, 200 West Broad Street, Statesville, NC 28677.

　　　If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

September 20, 2017.

　　　　　　　　　　　　　　　　　　　　　YOUNG, MORPHIS, BACH & TAYLOR, L.L.P.

　　　　　　　　　　　　　　　　　　　　　　/s/ Jimmy R. Summerlin, Jr.
　　　　　　　　　　　　　　　　　　　　　Jimmy R. Summerlin, Jr.
　　　　　　　　　　　　　　　　　　　　　NC Bar #: 31819

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| In re:<br>QUAKER FURNITURE, INC.,<br>56-0861711<br><br>                      Debtor(s). | Case No. 17-50538<br>Chapter 11 |
| MOTION FOR RELIEF FROM STAY | |

NOW COME the Estate of Clyde L. Lail, Wayne M. Bach, Executor; Gary N. Lail; and David C. Lail (collectively, the "Movants"), by and through their undersigned counsel, pursuant to the provisions of Section 362(d) of the United States Bankruptcy Code (the "Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and move the Court for the entry of an order terminating the automatic stay to allow Movant to exercise its rights in certain stock as described herein. In support hereof, Movant shows the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Sections 362 of the Code.

**BACKGROUND**

3. In or about August, 2016, Movants entered into a certain Stock Purchase Agreement with McNeil & Parters, LP ("McNeil"), a Missouri limited partnership, for the sale by Movants and purchase by McNeil of all of Movants' stock ownership, comprising 100% of the issued and outstanding shares of Quaker Furniture, Inc. (the "Debtor"), at a

purchase price of $500,001.00.  A copy of said Stock Purchase Agreement is attached hereto as Exhibit "A" and incorporated herein.

4. On or about August 21, 2016, as part of the transaction contemplated by the Stock Purchase Agreement and closing thereof, the Debtor executed and delivered to Movants a certain Secured Promissory Note (the "Note") in the original principal sum of $500,000.00.  A copy of said Note is attached hereto as Exhibit "B" and incorporated herein.

5. On or about August 21, 2016, as part of the transaction contemplated by the Stock Purchase Agreement and closing thereof, the Debtor and McNeil executed and delivered to Movants a certain Security Agreement pledging 100% of the stock of Debtor (the "Pledged Securities") as collateral for and securing repayment of the indebtedness evidenced by the Note.  A copy of said Security Agreement is attached hereto as Exhibit "C" and incorporated herein.

6. Movants have duly perfected the lien and security interest granted in the stock of the Debtor by the filing of UCC Financing Statements with both the North Carolina and Missouri Secretaries of State.  Copies of said UCC Financing Statements are attached hereto as Exhibit "D" and incorporated herein.

7. Pursuant to the terms of the Note, the Debtor was to make certain monthly payments beginning September 15, 2016 "equal to 5.0% of the [Debtor's] net-sales calculated from the previous month's sales revenues as reported in the financial statements of the [Debtor] until paid in full", plus such interest, costs and fees as may accrue.

8. The Debtor has never made any payment toward the indebtedness evidenced by the Note.

9. Based upon information provided by the Debtor prior to its commencement of this Chapter 11 proceeding, the Debtor's net sales from August 22, 2016 through July 30, 2017 totaled $3,024,984.17, 5.0% of which totals $151,212.98.

10. As of July 31, 2017, the Debtor is indebted to Movants for unmade payments on account of the Note in the total sum of $151,212.98, excluding interest, costs and fees.  The Debtor is in default of repayment of the Note.  The Debtor is further indebted to Movants for past-due payments in an unknown amount based upon its net sales for August 15, 2017 and September 15, 2017.

11. Pursuant to the terms of the Security Agreement, the Debtor's default in repayment of the sums due under the Note is a default pursuant to the terms of said Security Agreement entitling Movants to "cause the issuer(s) of the Pledged Securities to transfer record ownership of such Pledged Securities to [Movants]."

12. Movants, as the holders of a perfected security interest in the Pledged Securities desire the right, but not the requirement, to exercise their rights and remedies pursuant to the Security Agreement to "cause the issuer(s) of the Pledged Securities to transfer record ownership of such Pledged Securities to [Movants]."

13. Movants, as previous owners and operators of the Debtor until August 21, 2016 are familiar with the operations of the Debtor up to and including that date. As of August 21, 2016, the Debtor was solvent, profitable and able to pay its debts on an ongoing basis pursuant to their terms.

14. Since the purchase of the Debtor on August 21, 2016, McNeil has significantly impaired the Debtor's ability to operate profitably, resulting in this Chapter 11 bankruptcy filing in little more than a year since McNeil's purchase.

15. Movant's are informed and therefore believe that McNeil, as sole shareholder, acting through Edward McNeil, its managing partner, has utilized the credit and assets of the Debtor to obtain financing which was funneled back to McNeil, or another entity associated with McNeil, for the purchase and/or operation of other businesses at the expense of the Debtor's creditors.

16. Based on UCC Financing Statements filed against the Debtor in August 2017, just days before this case was commenced, the Debtor incurred secured indebtedness of amounts presently unknown to at least three different lenders:
    a. Saturn Funding – UCC filed August 16, 2017 – all assets;
    b. Pearl Gamma Funding – UCC filed August 16, 2017 – all assets;
    c. Ace Funding – UCC filed August 21, 2017 – all assets.

17. The Debtor has now requested this Court to approve further funding through the sale/securitization of post-petition accounts receivable with Goodman Factors.

18. Relief from stay should be granted herein in that:
    a. For cause, in that Movants' interest in the Pledged Securities is not adequately protected;

    b. For cause, in that current management has completely destroyed a formerly profitable and reputable company in less than one year and allowing Movants to exercise their rights to the Pledged Securities will be of the most significant benefit to the Estate;

    c. For cause, in that allowing Movants to exercise their rights to the Pledged Securities will precipitate further investigation into the acts and omissions of the current management for the benefit of the Estate, which investigation current management will no independently undertake of itself; and

    d. The Pledged Securities are not property of the Estate.

## CONCLUSION

WHEREFORE, Movant respectfully requests that this Court enter an order as follows:

1. That the stay imposed by 11 U.S.C. § 362(a) be terminated, annulled or modified to permit Movants, their successors and/or assigns, to exercise their rights to the Pledged Securities pursuant to the terms of the Security Agreement, and that said relief be immediate, and the 14 day waiting period of Fed. R. Bankr. Proc. Rule 4001(a)(3) ordered not apply;

2. That the hearing of this motion be the final hearing under 11 U.S.C. § 362(c) and any preliminary hearing be consolidated herein and Orders entered accordingly;

3. That the provisions of 11 U.S.C. § 362(e) be applied to this Motion;

4. That Movants be allowed their reasonable attorneys' fees and costs incurred related to this Motion; and

5. For such other relief as the Court may deem just and proper.

This the 20th day of September.

        YOUNG, MORPHIS, BACH & TAYLOR, LLP

        /s/ Jimmy R. Summerlin, Jr.
        Jimmy R. Summerlin, Jr.
        N.C. State Bar No. 31819
        P.O. Drawer 2428
        Hickory, NC 28603
        Telephone:  828-322-4663
        Facsimile:  828-324-2431
        Attorney for Movants

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was duly served this day upon the following by electronic transmission via the Court's CM/ECF electronic noticing:

    U.S. Bankruptcy Administrator Office
    alexandria_p_kenny@ncwba.uscourts.gov, ba_desk@ncwba.uscourts.gov

    Richard S. Wright on behalf of Debtor Quaker Furniture, Inc.
    rwright@mwhattorneys.com, smyers@mwhattorneys.com

and upon the following by 1st Class U.S. Mail:

    Quaker Furniture, Inc.
    c/o Edward McNeil
    McNeil & Partners, LP
    P.O. Box 221
    Saint Louis, MO 63158

    Richard S. Wright
    Moon Wright & Houston, PLLC
    121 W. Trade Street
    Suite 1950
    Charlotte, NC 28202

    U.S. Bankruptcy Administrator
    402 W. Trade Street
    Suite 200
    Charlotte, NC 28202

This the 20th day of September, 2017.

                                                  YOUNG, MORPHIS, BACH & TAYLOR, L.L.P.

                                                    /s/ Jimmy R. Summerlin, Jr.
                                                    Jimmy R. Summerlin, Jr.
                                                    NC Bar #: 31819